**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00207-CR**
_____

**CHRISTOPHER SHANE BLEDSOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CR22-0506**
_____

**MEMORANDUM OPINION**

Christopher Shane Bledsoe appeals his conviction for burglary of a habitation, a first-degree felony. *See* Tex. Penal Code Ann. §§ 12.42(b); 30.02(a)(3), (c)(2). We affirm the trial court's judgment.

A grand jury indicted Bledsoe for burglary of a habitation, a second-degree felony. *See id.* § 30.02(a)(1). The indictment was subsequently amended on motion of the State to reflect the elements of the offense as required by section 30.02(a)(3). *See id.* § 30.02(a)(3). The State filed a Notice of Enhancement, alleging Bledsoe had

1

two previous felony convictions. Bledsoe pleaded "[n]ot guilty[]" to the offense, and a jury found Bledsoe guilty. During the punishment phase of trial, Bledsoe pleaded "true" to the two enhancement allegations. After hearing evidence and Bledsoe's stipulations to his prior convictions, the trial court sentenced Bledsoe to punishment at twenty-five years of imprisonment.

On appeal, Bledsoe's court-appointed attorney filed a brief stating that he has reviewed the record and, based on his professional evaluation of the record and applicable law, he concluded that the appeal lacks merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On October 18, 2023, we granted an extension of time for Bledsoe to file a pro se brief, and Bledsoe filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new

2

counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on January 26, 2024
Opinion Delivered January 31, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Bledsoe may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.